UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GRETA WALLACE, | ) | CASE NO.: 5:21CV02093 |
| | ) | |
| Plaintiffs, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | |
| COCA COLA CONSOLIDATED, INC., | ) | **MEMORANDUM OF OPINION AND** |
| | ) | **ORDER** |
| Defendant. | ) | |

This matter is currently scheduled for a jury trial on December 12, 2022. (Trial Order, ECF No. 23.) Despite this Court's previous order that it will not entertain dispositive motions, Defendant Coca Cola Consolidated, Inc. ("Coca Cola") seeks to file a dispositive motion. (Mot. for Recons., ECF No. 25.) For the following reasons, Coca Cola's motion is DENIED. This Court will not accept dispositive motions. The parties will present their case to a jury beginning December 12, 2022.

On January 20, 2022, this Court held a Case Management Conference for this matter and set dates by which it expected the parties to abide. (Case Management Plan, ECF No. 11.) This Court and the parties all agreed that fact discovery would end July 20, 2022. (*Compare* Report of Parties' Planning Meeting 3, ECF No. 8 *and* Case Management Plan 1, ECF No. 11.) The parties were admonished in the Case Management Plan that: "**Stipulations or agreements by counsel to extend deadlines will not be grounds for extending limitations set in the CMC.**" (Case Management Plan 1-2, ECF No. 11.) Between March 2022 and June 2022, the parties submitted status reports which indicated there were "no developments" that would necessitate a deviation from the Case Management Plan. (*See* Pl.'s First Status Report, ECF No. 13; Def.'s First Status

Report, ECF No. 12; Pl.'s Second Status Report, ECF No. 16; Def.'s Second Status Report, ECF No. 15; Pl.'s Third Status Report, ECF No. 18.)

On June 6, 2022, Coca Cola submitted a status report indicating that it "**may** seek a **brief** extension to the discovery period which would affect the schedule outlined in the Case Management Plan" without any further information. (Def.'s Third Status Report, ECF No. 17 (**emphasis** added).) Precisely thirty-seven days later, on July 13, 2022, a mere seven days before the fact discovery deadline, the parties jointly submitted a request to extend the fact discovery period for ninety days – until October 18, 2022. (Joint Mot. to Extend Disc. Period, ECF No. 19.) Despite the parties having six months to conduct fact discovery, a length of time the parties agreed upon and submitted to this Court would be sufficient, the joint motion requested the additional time because a subpoena for documents had not yet been responded to, and depositions had not yet been conducted, or even scheduled. (*Id.*)

On July 21, 2022, this Court conducted a Telephone Status Conference with the parties, granted them a thirty-day extension, until August 22, 2022, to complete fact discovery, scheduled trial for December 12, 2022, and ordered: "This Court will not entertain dispositive motions." (Order, ECF No. 22.) On September 6, 2022, Coca Cola moved this Court to reconsider its decision regarding dispositive motions. (Mot. for Recons., ECF No. 25.) Within its motion, Coca Cola admits that even with the extension this Court previously provided, depositions for this case occurred after August 22, 2022, and, at the time of the motion, were still being conducted. (*Id.* at 2.) Coca Cola additionally requested, should this Court reconsider its order precluding motions for summary judgment, an additional thirty days *after ruling on the motion for reconsideration* to file a motion for summary judgment, admitting that it is not prepared to submit a motion for summary judgment because it needs to order transcripts from recent depositions. (*Id.* at 5.)

"The Federal Rules of Civil Procedure do not explicitly address motions for reconsideration of interlocutory orders." *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004). Regardless, under both common law and Federal Rule of Civil Procedure 54(b), district courts may reconsider interlocutory orders and "reopen any part of a case before entry of final judgment" in order "to afford such relief from [interlocutory orders] as justice requires." *Id.* (internal citations and quotation marks omitted). Reconsidering an interlocutory order is justified when there is "(1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Id.*

Coca Cola asserts that its motion for reconsideration should be granted because new evidence is available in the form of multiple health issues Coca Cola's counselors experienced. (Mot. for Recons. 3, ECF No. 25.) This Court is certainly sympathetic to the sudden health issues Coca Cola's counselors experienced during the one-month discovery extension this Court provided. However, the last minute scrambling could have been wholly avoided had Coca Cola been diligently pursuing discovery during the previous six months. This Court does not reward dilatory tactics. Furthermore, Coca Cola's counselors' health issues is not new evidence such that dispositive motions are warranted. It is new evidence regarding Coca Cola's failure to abide by the deadlines set by this Court, certainly. But not new evidence birthed of the substance of this case such that this Court need to consider dispositive motions.

Coca Cola next asserts that this Court's preclusion of dispositive motions denies them a substantive right, likely suggesting that this Court's previous order should be reconsidered to correct error and prevent manifest injustice. (*Id.* at 3-5.) First, filing a motion for summary judgment pursuant to the Federal Rules of Civil Procedure is a procedural right, not a substantive one. Second, this Court precluded dispositive motions because the parties disregarded previous

Orders of this Court and, even now, continue to try and slowly kick the can down the road as evidenced by Coca Cola's request for even more time to file a dispositive motion should this Court allow it to because it is still unprepared. Even more, Coca Cola admits in its September 16, 2022 filing before this Court that "the parties have agreed to continue the discovery process and *additional evidence is still being developed*" despite this Court setting August 22, 2022 as the discovery deadline. (Reply in Supp. of Mot. for Recons. 2, ECF No. 27 (*emphasis* in original).)

This Court has "broad discretion to manage its docket." *ACLU of Ky. V. McCreary Cty.*, 607 F.3d 439, 451 (6th Cir. 2010). Allowing a case to languish on the docket because the parties are habitually unprepared and consistently disrespect the Orders of this Court would not serve judicial economy or the interest of the public to move matters along timely. It is not manifestly injust for this Court to appropriately respond to the parties' actions. The parties are not precluded from presenting their case – it will occur to a jury rather than through dispositive motion practice.

This Court will not allow dispositive motions in this matter. The parties have demonstrated deadlines set by this Court are viewed as suggested, rather than respected. The parties will present their case to a jury on December 12, 2022. Coca Cola's motion is DENIED.

IT IS SO ORDERED.

DATE: September 26, 2022  /s/ John R. Adams
Judge John R. Adams
UNITED STATES DISTRICT COURT